**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 05-03094-01-CR-S-RED |
| ) | |
| **WILLIAM DOUGLAS MONTGOMERY,** ) | |
| ) | |
| **Defendant.** ) | |

## ORDER

Now before the Court are the Motions to Suppress Evidence (Docs. 34-1 and 35-1), Government's Responses to Defendant's Motions to Suppress Evidence (Docs. 44 and 45), the Report and Recommendation of United States Magistrate Judge (Doc. 54), and Defendant's Objections to U.S. Magistrate's Report and Recommendation (Doc. 63).

In his Motions to Suppress and in his Objections to the Report and Recommendation, Defendant argues, among other things, that the firearms seized in both the March 1, 2005, search and the March 17, 2005, search were outside the scope of the Search Warrants authorized for each search.

As the Report and Recommendation accurately states the facts of this case, the facts will not be restated here except to the extent necessary to address the issues herein. The two Search Warrants at issue contain similar language in defining the scope of the search to be executed. Both Search Warrants authorize a search for "marijuana, methamphetamines, cocaine, and any illegal drug paraphernalia associated with illegal drug use." The searches were to include "any vehicles . . . on the search site . . ., and/or any contraband that is found during the execution of the search warrant." On execution of the March 1, 2005, Search Warrant, officers found and

seized a .45 caliber pistol from a vehicle on Montgomery's property. On execution of the March 17, 2005, Search Warrant, officers found and seized several rifles and shotguns from Montgomery's home. Defendant argues that because the Search Warrants were limited in scope to drugs and drug paraphernalia, the firearms seized are outside the scope of the Search Warrants and suppression of the firearms is mandated.

The general rule is that police may only seize items described in a search warrant unless an exception to the warrant requirement exists. *U.S. v. Robbins*, 21 F.3d 297, 300 (8th Cir. 1994). One such exception, the "plain view" doctrine, permits police to seize an item not specified in a search warrant if the police are lawfully in a position to view the item and the item's incriminating character is immediately apparent. *U.S. v. Reinholz*, 245 F.3d 765, 777 (8th Cir. 2001) (citing *Horton v. California*, 496 U.S. 128, 136-38 (1990)). For the incriminating character to be "immediately apparent," the police must have probable cause to associate the item with criminal activity. *U.S. v. Hatten*, 68 F.3d 257, 261 (8th Cir. 1995). Both hidden guns and guns in close proximity to drugs and drug-related equipment have been found to be "by their nature incriminating." *Id.*

Here, the .45 caliber pistol seized in the March 1, 2005, search was found wrapped in a towel in a vehicle on Montgomery's property. The rifles and shotguns seized in the March 17, 2005, search were found in Montgomery's home along with amounts of methamphetamine and marijuana. Under Eighth Circuit precedent, these firearms, by their very nature, were incriminating and thus properly seized under the "plain view" exception to the warrant requirement.

2

## Conclusion

Upon careful and independent review of the pending motions and the suggestions filed by the parties in regard to said motions, and a review of the applicable law, the Court OVERRULES Defendant's Objections to U.S. Magistrate's Report and Recommendation (Doc. 63) and ADOPTS the Report and Recommendation of United States Magistrate Judge (Doc. 54) in full. Accordingly, for the reasons articulated herein and by the Magistrate in the Report and Recommendation, it is hereby

**ORDERED** that Defendant's Motions to Suppress (Docs. 34-1 and 35-1) are **DENIED.**

**IT IS SO ORDERED.**

DATE:	September 25, 2006		*/s/ Richard E. Dorr*
					RICHARD E. DORR, JUDGE
					UNITED STATES DISTRICT COURT